**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALEJANDRO RAMIREZ-ALCALA,

Petitioner,

v.

Case No. 1:26-cv-03414-MIS-JHR

WARDEN, in his official capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Alejandro Ramirez-Alcala's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 13, 2026. The federal Respondents filed a "Reply [to the] Petition" on October 28, 2026 ("Reply").[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Mexico who entered the United States on April 15, 1999. See Pet. at 18. He has resided peaceably, with no criminal convictions, in the United States with his family since. Id. at 15-20. He has been employed and regularly paid taxes. Id. at 19. On October 6, 2026, an Immigration Judge ordered Petitioner removed to Mexico, and Petitioner has appealed that Order. Id. at 2, 7. Although the parties' submissions do not make it clear, it appears Petitioner was detained after the October 6 removal proceeding. See Pet. at 1; see generally Resp. He has been detained since and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Pet. at 1.

On October 22, 2026, an Immigration Judge held a bond hearing. Order of the Immigr. Judge, ECF No 7-1. The Immigration Judge found Petitioner to be a "flight risk" based on the Order of Remvoal, several driving while intoxicated arrests, and the fact that Petitioner once was allowed during removal proceedings to voluntarily depart the United States in lieu of removal and "still came back." Id. Although Respondents present only the Immigration Judge's Order in support, and not any of the underlying documents, Petitioner did not reply to Respondents' Reply and thus did not contest those facts. See generally ECF.

On October 14, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id. In addition, the Court directed the Government to "provide information sufficient to establish that [any bond hearing] was constitutionally adequate" if it opposed the Petition on the grounds that Petitioner had received a bond hearing. Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

In the instant Petition, Petitioner argues that the Fifth Amendment's due process clause "prohibits the prolonged, arbitrary, or indefinite detention of noncitizens without a constitutionally adequate hearing." Pet. at 2. In addition, Petitioner argues that his ongoing detention has become unconstitutionally prolonged under the standard set forth in Zadvydas v. Davis, 533 U.S. 678 (2001). Id. He seeks immediate release or in the alternative an individualized bond hearing before an Immigration Judge. Id. at 3.

Respondents first argue that 8 U.S.C. § 1226(e) serves as a jurisdictional bar that precludes the Court from reviewing the Immigration Judge. Repl. at 1-2. Respondents then assert that detention during removal proceedings is constitutional and that, having had a bond hearing,

Petitioner has received all the process he is due. Id. at 2-3 (citing, inter alia, Reno v Flores, 507 U.S. 292, 306 (1993)).

Initially, the Court summarily rejects Petitioner's argument that his prolonged detention violates his Fifth Amendment due process rights for the reasons set forth in Zadvydas. Petitioner has been detained only 1 month, well within the presumptively reasonable 6-month period set forth in Zadvydas. See 533 U.S at 701; see also Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) (applying Zadvydas principals surrounding indefinite, prolonged detention to noncitizens detained prior to a final order of removal).

Next, the Court notes that while it does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court has jurisdiction to review constitutional challenges to bond decisions, Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1.

Here, though the Immigration Judge's decision is sparse, the Immigration Judge offers a reasoned basis for the decision that is based on the actual circumstances of the noncitizen – that Petitioner agreed to voluntary departure but then returned and that he has been arrested for DWI multiple times. Order of the Immigr. Judge, ECF No. 7-1. In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006), permits an Immigration Judge to consider a broad range of factors, including criminal charges and convictions, like those present in this case. See also Rodriguez Florez v. Mullin, No.

1:26-CV-03079-MIS-GJF, 2026 WL 3168700, at *3 n.2 (D.N.M. Oct. 22, 2026). Although Petitioner does not suggest the Immigration Judge should have weighed these factors differently, the Court could not entertain such a request even if he had, for these are precisely the type of discretionary decisions that § 1226(e) prohibits, and the proper forum for such arguments would be the Board of Immigration Appeals. Rodriguez Florez, 2026 WL 3168700, at *3 n.2; Cortes-Sagastume v. Baltazar, No. 26-CV-03664-NYW, 2026 WL 3134840, at *4 (D. Colo. Oct. 20, 2026); Garay-Mercado v. Castro, No. 2:26-CV-01119-MIS-KK, 2026 WL 1948159, at *4 (D.N.M. July 6, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *7 (D.N.M. Mar. 23, 2026); Slim v. Nielson, No. 18-CV-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018).

The Court therefore finds Petitioner received a constitutionally adequate bond hearing, which is all the process he is due under the Immigration and Nationality Act and Santillan Quiroz. 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)".) The Immigration Judge's discretionary flight risk determination is not subject to judicial review. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Singh v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Chen v. Dorneker, Case No. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Because the Court can discern no basis for habeas relief, the Petition must be denied.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE